**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Ryan Gallagher,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Civil Action No.　18-2153 (UNA)
　　　　　　　　　　　　　　　　　　　　)
United States of America,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　　　)

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, has filed a Petition for Writ of Mandamus under the All Writs Act, 28 U.S.C. § 1651, and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

The All Writs Act authorizes this Court to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[.]" 28 U.S.C. § 1651. The Act "is most commonly invoked by a federal circuit court of appeals to issue a writ of mandamus to a district court judge, or by the Supreme Court to issue a writ to a lower court judge." *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D.D.C. 2011) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). The instant petition is difficult to follow but appears to seek to compel action in cases pending in other courts. *See* Pet. at 1 (listing civil case numbers and mentioning district and appellate courts in Texas).

As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts. *See Choi*, 818 F. Supp. 2d at 85 (district courts "generally lack[]

appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: October 23, 2018

United States District Judge